Joseph P. Kusztnski, J.
Plaintiffs Michael and Janet Cavanaugh, who sustained personal injuries in an accident with a volunteer fireman engaged in the performance of his duty, move this court to strike the affirmative defense asserted by the defend *2 ant Paul A. Peck which avails him of the perquisites accruing by reason of his status at the time of the accident.
The accident occurred on July 9, 1970. The representatives of the defendant’s carrier statementized Paul A. Peck on July 21, 1970 and determined that he was a volunteer fireman and was returning from an alarm at the time of the accident. However, it was not until eight months after the accident, on March 8, 1971, at an examination before trial, that it was discovered for the first time that it was obligatory upon volunteer firemen of the Kenilworth Fire District No. 2, of which Paul A. Peck was an assistant fire chief, to return to the station house after an alarm fire and that therefore the defendant was still on duty at the time of the accident.
Because it did not become timely known to the plaintiffs that a cause of action will lie against the Kenilworth Fire District No. 2 and the Board of Fire Commissioners of the Town of Tonawanda, New York, the requirements of section 50-e of the General Municipal Law as to filing of notices of claim were not satisfied, and, on application pursuant to subdivision 5 of section 50-e, plaintiffs were denied judicial intervention to extend the time within which to file a notice of claim.
The plaintiffs anchor their motion to dismiss the affirmative defense upon the ground of estoppel. They contend the defendant did not make known his volunteer fireman status at the time of the accident and thereby misled the plaintiffs and is responsible for plaintiffs ’ failure to pursue their remedies against the Kenilworth Fire District No. 2 and the Board of Fire Commissioners of the Town of Tonawanda, New York.
Section 205-b of the General Municipal Law reads in pertinent part: ‘‘ Members of duly organized volunteer fire companies in this state shall not he liable civilly for any act or acts done by them in the performance of their duty as volunteer firemen, except for wilful negligence or malfeasance” (emphasis added).
It is clear that section 205-b of the General Municipal Law is one of substance, not form, and immunizes volunteer firemen while in the performance of their duty as such from ordinary negligence. Liability attaches only for willful negligence or malfeasance. (Sikora v. Keillor, 17 A D 2d 6 [2d Dept., 1962].)
Certainly plaintiffs had an action against the Kenilworth Fire District No. 2 and the Board of Fire Commissioners on the basis of ordinary negligence, because section 205-b reads further: “ Nothing in this section contained shall in any manner affect the liability imposed upon cities, towns and villages by section *3 two hundred eighty-two-g of the highway law, but fire districts created pursuant to law shall be liable for the negligence of volunteer firemen duly appointed to serve therein * * * provided such volunteer firemen, at the time of any accident or injury, were acting in the discharge of their duties
However, it is readily apparent that even if the plaintiffs discovered immediately after the accident that the defendant Paul A. Peck was a volunteer fireman on duty they could not have enlarged the said defendant’s liability. The affirmative defense is one of substance in that it sets forth the degree of negligence necessary and therefore plaintiffs’ motion must fall of its own weight.
Submit order denying the motion to strike the affirmative defense.